**Electronically Filed
Supreme Court
SCAD-20-0000754
21-JAN-2021
03:21 PM
Dkt. 15 OSUS**

SCAD-20-0000754

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

CHRISTOPHER S.B. WOO,
Respondent.

---

ORIGINAL PROCEEDING
(DB No. 19-9002)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of the December 11, 2020 report submitted to this court by the Disciplinary Board of the Hawaiʻi Supreme Court regarding Respondent Christopher S.B. Woo, and following a *de novo* review of the entire record in this matter and the record in ODC v. Woo, SCAD-19-355, we make the following Findings of Fact, and reach the following Conclusions of Law.

We find that Respondent Woo was given proper notice of the allegations against him and an opportunity to respond, but did not, and that default against him was therefore properly entered by the Disciplinary Board. The default notwithstanding, this court has reviewed the record in this case *de novo* and has

reached its own conclusions regarding violations of the Hawaiʻi Rules of Professional Conduct (HRPC) (2014) and appropriate discipline.

In ODC Case No. 17-O-222, we find that Respondent Woo failed, over the course of four months, to provide competent legal services as promised to his client, before the expiration of their credit-counseling certificate, despite their repeat inquiries, in violation of HRPC Rules 1.1, 1.3, 1.4(a), 1.4(b) and 3.2, and then withdrew from the representation without proper consultation, in violation of HRPC Rules 1.16(c) and 1.16(d), thereby causing them injury (being the loss of their $1,615.00 retainer paid to his firm and the garnishment of $1,437.00 in wages due to his inaction on their petition). We further find that Respondent Woo then failed to comply with disciplinary orders entered in the U.S. Bankruptcy Court regarding his representation of the same clients, in violation of HRPC Rule 3.4(e). We find that Respondent Woo misrepresented the truth, in violation of HRPC Rule 8.4(c), when he informed the Office of Disciplinary Counsel that the U.S. Bankruptcy Court's disciplinary sanctions had been reduced, based in part on the purported fact that he had signed a settlement with the court, and based in part on the purported fact the investigation into his conduct was found to be flawed, when neither assertion was true.

In ODC Case No. 19-0276, we find that Respondent Woo repeatedly failed to appear in court on behalf of his client, in violation of HRPC Rules 1.1, 1.3, 3.2, and 3.4(e) and failed to appear in court as ordered to explain his conduct, in violation of HRPC Rule 3.4(e). We find he engaged in deceitful conduct, in violation of HRPC Rule 8.4(c), by informing an investigator from the Prosecutor's Office that he would cooperate and accept personal service of an order to show cause but then avoided service thereafter, and then informed ODC he was unaware of any attempt of service of the order by the Prosecutor's Office.

In ODC Case No. 19-0249, we find that Respondent Woo knowingly practiced law while administratively suspended, in violation of HRPC Rule 5.5, by filing materials on behalf of a client in a bankruptcy matter and by making representations on behalf of a client in a criminal matter. We also find Respondent Woo, when licensed, repeatedly failed to attend hearings on behalf of his client, ultimately necessitating his removal from the case and substitution by other counsel, in violation of HRPC Rules 1.1, 1.3, 1.16(c), 1.16(d), 3.2, and 3.4(e).

In ODC Case No. 19-0410, we find that Respondent Woo failed to visit, call, or otherwise communicate with his two clients in a criminal proceeding during the two-month period they were in custody, in violation of HRPC Rules 1.1, 1.2(a), 1.3, and 1.4(a), failed to attend a pre-trial hearing, in violation of HRPC Rules 1.3, 3.2, and 3.4(e), and failed to attend court

3

hearings on his clients' matter, including two trial calls, ultimately necessitating his removal from the representation, in violation of HRPC Rules 1.1, 1.3, 1.16(c), 1.16(d), 3.2, and 3.4(e). We find that Respondent Woo violated HRPC Rule 3.4(e) multiple times by failing to respond to orders to show cause, attend scheduled hearings on those orders, or to pay the subsequently imposed $250.00 sanction.

We find that Respondent Woo failed to cooperate with the Office of Disciplinary Counsel's lawful investigations into his conduct, in violation of HRPC Rule 8.4(g), and, in violation of HRPC Rule 8.4(c), misrepresented the truth to an ODC Investigator when he informed her he had responded to one of the complaints she was attempting to serve upon him, when he had not.

In aggravation, we find Respondent Woo committed multiple violations, engaged in bad faith obstruction of the disciplinary process, refused to accept the wrongful nature of his conduct, is indifferent to addressing or ameliorating the injuries he inflicted through his conduct, and has substantial experience in the practice of law.

In mitigation, we find Woo previously had an unblemished disciplinary record.

A review of the *ABA Standards for Imposing Lawyer Sanctions*, in particular Standards 4.41 and 6.62, and disciplinary precedent in this jurisdiction, in particular ODC v. Russell, SCAD-11-358 (May 23, 2011), ODC v. Collins, SCAD-15-709

4

(January 20, 2016), and <u>ODC v. Kea</u>, SCAD-13-135 (July 2, 2013), lead us to conclude that a substantial period of suspension is warranted.  Therefore,

IT IS HEREBY ORDERED that Respondent Woo is suspended from the practice of law for five years, which shall be effective upon entry of this order, in light of his current suspension, pursuant to Rule 2.12A of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Woo shall pay, within 10 days of the entry date of this order, his former clients in ODC Case No. 17-O-222 the sum of $1,437.00, representing the financial injury inflicted by him upon them for his failure to perform the representation or to withdraw responsibly.  The Office of Disciplinary Counsel may, on behalf of those clients, seek further assistance from this court in securing this payment, including by reducing that amount to a judgment.

IT IS FURTHER ORDERED that, as a precondition for any future petition for reinstatement, Respondent Woo shall provide proof that the same former clients received repayment of the $1,615.00 legal retainer paid by them to secure his representation, as well as proof of satisfaction of all outstanding court-imposed fines and sanctions in the cases in the record of this matter.

5

IT IS FURTHER ORDERED that Respondent Woo shall bear the costs of these disciplinary proceedings, upon the approval of a timely filed verified bill of costs submitted by the Office of Disciplinary Counsel.

DATED: Honolulu, Hawaiʻi, January 21, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins